UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDARRYL STEEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STUART SHERMAN, Warden,[1]<br><br>　　　　Respondent. | Case No. 16-cv-02654 LHK (PR)<br><br>**ORDER TO RE-OPEN; ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

　　　　Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 25, 2016, the court dismissed this case without prejudice because petitioner had failed to submit a signed petition, as directed by the clerk. In August 2016, petitioner sent several letters to the court, requesting that the court re-open or reconsider its dismissal. Petitioner alleged that he had re-submitted a signed copy of his petition as directed the day following the clerk's notice in May 2016, but the prison mail office erred in properly logging

---

[1] The court sua sponte substitutes Stuart Sherman, petitioner's current custodian, as the proper respondent. *See* Fed. R. Civ. P. 25(d).

petitioner's outgoing mail.  Petitioner's request to re-open is GRANTED.  The clerk shall RE-OPEN this case.

Petitioner's motion for leave to proceed in forma pauperis is DENIED.  Petitioner has submitted a Certificate of Funds indicating that petitioner had an average monthly balance of $165.00 for the past six months, and an average monthly deposit of $165.00 for the past six months.  Petitioner must pay the $5.00 filing fee within thirty days of the filing date of this order.

For the reasons that follow, the court dismisses the petition with leave to amend.

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.    Petitioner's Claims

Petitioner raises three claims in his petition.  First, petitioner alleges that the trial judge abused his discretion when the judge allowed the prosecutor to mislead the jury using out-of-court statements.  Second, petitioner claims that the denial of a "402 hearing," regarding the introduction of video-recorded statements denied petitioner's right to due process.  Finally, petitioner alleges that the denial of his motion to suppress evidence of a bullet from admission at

Case No. 16-cv-02654 LHK (PR)
ORDER TO RE-OPEN; ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL WITH LEAVE TO AMEND

2

trial violated petitioner's right against unreasonable searches and seizures.

With respect to Claims 1 and 2, even with liberal construction, petitioner does not state a cognizable claim for federal habeas corpus relief. Rather, Claims 1 and 2 are challenges to the trial court's evidentiary rulings. A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, "it is only noncompliance with <u>federal</u> law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). And, although petitioner used the words "due process," a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). A state court's procedural or evidentiary ruling may be subject to federal habeas review if it violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984). Petitioner has not suggested that the state court's evidentiary rulings were such that it rendered the trial fundamentally unfair.

In addition, petitioner admits that he has not exhausted Claims 1 and 2 in state court. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Petitioner is reminded that if available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510.

With respect to Claim 3, *Stone v. Powell*, 428 U.S. 465, 481-82 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and

Case No. 16-cv-02654 LHK (PR)
ORDER TO RE-OPEN; ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL WITH LEAVE TO AMEND

3

fair litigation of those claims.  Petitioner does not contend that he was not afforded a full and fair opportunity, and a review of the California Court of Appeal's opinion affirming petitioner's judgment shows that petitioner was indeed afforded a hearing on the motion to suppress prior to trial.  *See People v. Steen*, No. A139526, 2015 WL 6390431, at *3 (Cal. App. Oct. 22, 2015).  The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims bars federal habeas consideration of those claims.  *See Newman v. Wengler*, 790 F.3d 873, 880 (9th Cir. 2015).  This claim is dismissed.

Accordingly, the petition is dismissed with leave to amend.  If petitioner can set forth a cognizable claim for relief that he has fairly presented to the state courts, petitioner is directed to file an amended petition within thirty days.

## CONCLUSION

1. The motion for leave to proceed in forma pauperis is DENIED.  Petitioner must pay the $5 filing fee within **thirty (30) days** of the date of this order or face dismissal of this action for failure to pay the filing fee.

2. The petition is DISMISSED with leave to amend.  If petitioner wishes to amend his petition, he must file an amended petition **within thirty days** from the filing date of this order.  The amended petition must include the caption and civil case number used in this order (C 16-2654 LHK (PR)) and the words "AMENDED PETITION" on the first page.  The amended petition will supercede any prior filings, and petitioner is reminded that the amended petition must contain all claims he wishes to pursue and may not incorporate by reference any parts of the original petition.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Petitioner must clearly state all grounds for habeas relief challenging either an underlying state court criminal conviction or the legality of his confinement.  He must set out how he has exhausted his claims, that is, what he did to present them first to the highest state court available, which is the Supreme Court of California.  **If petitioner fails to file an amended petition in**

Case No. 16-cv-02654 LHK (PR)
ORDER TO RE-OPEN; ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL WITH LEAVE TO AMEND

4

**conformity with this order, the case will be dismissed.**

3. It is petitioner's responsibility to prosecute this case. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 9/28/2016

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 16-cv-02654 LHK (PR)
ORDER TO RE-OPEN; ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL WITH LEAVE TO AMEND

5