FILED

JAN 10 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDARRYL STEEN,<br><br>    Petitioner,<br><br>v.<br><br>STUART SHERMAN, Warden,<br><br>    Respondent. | Case No. 16-CV-02654 LHK (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING EXTENSION OF TIME TO**<br>**PAY FILING FEE** |

    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 2016, the court denied petitioner's motion for leave to proceed in forma pauperis and dismissed his petition with leave to amend. On October 28, 2016, petitioner filed a motion to stay and hold his petition in abeyance while petitioner exhausted his state court remedies. On November 3, 2016, the court denied the motion to stay, and sua sponte granted petitioner an extension of time within which to file an amended petition. On November 22, 2016, petitioner filed an amended petition raising two claims. For the reasons that follow, the court dismisses Claim 2, and orders respondent to show cause why the amended petition should not be granted as to Claim 1.

Case No. 16-CV-02654 LHK (PR)
ORDER TO SHOW CAUSE; GRANTING EXTENSION OF TIME TO PAY FILING FEE
1

# DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. Petitioner's Claims

Petitioner raises two claims in his amended petition. First, petitioner alleges that because a court cannot determine whether the jury unanimously found petitioner guilty of first degree murder on a legally permissible theory, petitioner is entitled to relief. Second, petitioner claims that the warrantless search and seizure violated the Fourth Amendment, and the trial court erred in denying petitioner's motion to suppress.

With respect to Claim 1, petitioner states that the jury was instructed on alternate theories of first degree murder. According to petitioner, one of those theories was legally impermissible, and it cannot be determined upon which theory the jury based its verdict. Liberally construed, petitioner has stated a cognizable claim for relief.

With respect to Claim 2, as this court stated in its September 29, 2016 order, *Stone v. Powell*, 428 U.S. 465, 481-82 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Petitioner does not contend that he was not afforded a full and fair opportunity, and a review of the

California Court of Appeal's opinion affirming petitioner's judgment shows that petitioner was indeed afforded a hearing on the motion to suppress prior to trial. *See People v. Steen*, No. A139526, 2015 WL 6390431, at *3 (Cal. App. Oct. 22, 2015). The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims bars federal habeas consideration of those claims. *See Newman v. Wengler*, 790 F.3d 873, 880 (9th Cir. 2015). Thus, Claim 2 is dismissed with prejudice.

The court orders respondent to show cause why the petition should not be granted as to Claim 1.

C.  Filing Fee

Petitioner's $5.00 filing fee was due on November 24, 2016. Attached to petitioner's amended petition, filed on November 22, 2016, was a note from petitioner giving authorization to allow the filing fee to be charged from petitioner's trust account. However, petitioner must submit the request to the prison, and not to the court. The court sua sponte grants petitioner a 30-day extension of time within which to pay his filing fee. Should petitioner fail to do so, this case will be dismissed for failure to pay the filing fee.

**CONCLUSION**

1.  Petitioner must pay the $5.00 filing fee within **thirty (30) days** of the date of this order or face dismissal of this action for failure to pay the filing fee.

2.  The clerk shall serve by mail a copy of this order and the amended petition and all attachments thereto (docket no. 18) upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.  Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the

Case No. 16-CV-02654 LHK (PR)
ORDER TO SHOW CAUSE; GRANTING EXTENSION OF TIME TO PAY FILING FEE
3

underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 1/10/2017

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE